Ex parte Teresa Antoni, Petitioner.

No. 5770.  Argued July 20, 1931.—Decided July 28, 1931.

*L. Toro Cabañas* for petitioners Doña Mercedes and Doña Ramona Rucabado. *Monserrat & Monserrat* for the respondent.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

About the year 1908, Doña Teresa Antoni was appointed by the District Court of San Juan guardian of her incapacitated husband, Fausto Rucabado. Some time afterward the guardian and the incompetent removed to Spain where the former died on February 25, 1930, and Doña Juana Rucabado, a sister of the incapacitated person, was appointed as guardian. Doña Mercedes and Doña Ramona Rucabado, also sisters of the incompetent, applied to the District Court of San Juan for the appointment of the latter sister as guardian, on the ground of the nullity of the appointment made in Spain in favor of Doña Juana without full compliance with the requirements prescribed by law. Doña Juana opposed this application, and the court refused to make the appointment sought. Doña Ramona and her sister, Doña Mercedes, took an appeal to this Court.

At this stage, the adverse party, Doña Juana Rucabado, moved for a dismissal of the appeal because the order refusing the appointment of a guardian is not appealable, and she based this contention principally on the holding of this Court in *Solá* v. *Solá*, 30 P.R.R. 705. In that case we said:

"From a final order in proceedings for declaration of incapacity there is no appeal. The remedy of the interested parties under the law is an ordinary action and an appeal may then be taken from the final judgment therein."

The two cases are not similar. In the *Solá* case what was involved was a declaration of incapacity, and account was especially taken of the provisions of section 255 of the Civil Code. In the instant case the only question involved is the appointment of a guardian. The law prescribes a special proceeding for the appointment of a guardian, and the orders of court made within such a special proceeding

are final and appealable in accordance with the provisions of subdivision 1 of section 295 of the Code of Civil Procedure. The fact that this Court has taken cognizance of cases relating to the appointment of a guardian on certiorari—*Del Moral* v. *District Court*, 41 P.R.R. 524, and *Del Moral* v. *District Court*, 41 P.R.R. 752—is immaterial. In certain cases, even though a remedy by appeal exists, the Court may review the proceeding by certiorari. See the latest decision of this Court in *Ex parte Del Moral, ante*, p. 446.

By virtue of all the foregoing, the motion to dismiss must be denied.